**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **JUDITH LEWIS,** | ) | |
|     Movant, | ) | |
| vs. | ) | **No. 3:09-CV-2077-O-BH** |
| | ) | |
| **CRAIG WATKINS,** | ) | |
| **Dallas County District Attorney,** | ) | |
|     Respondent. | ) | **Referred to U.S. Magistrate Judge** |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to the provisions of 28 U.S.C. § 636(b) and an Order of the Court, this action has been referred to the United States Magistrate Judge for findings, conclusions, and recommendation.

**I. BACKGROUND**

Pursuant to a sanction order in *Lewis v. Branson*, No. 3:02-CV-1055-G (N.D. Tex.), the Chief Judge of the United States District Courts for the Northern District of Texas considered Movant's request for permission to file a proposed motion to vacate, set aside, or correct sentence. (*See* Order of Nov. 3, 2009, doc. 1.) After finding the proposed filing sufficiently distinguishable from the numerous cases that prompted the sanction order, the Chief Judge granted Movant permission to file the proposed motion without suggesting any view on the merits of the motion. (*See id.*) Accordingly, the Clerk of the Court opened this case under 28 U.S.C. § 2255 – the statute that governs motions to vacate, set aside, and correct sentences in federal court.

**II. SUMMARY DISMISSAL**

Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts provides that "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party."

In this case, Movant seeks to vacate, set aside, or correct a sentence from a July 2004 state criminal proceeding (Cause No. MC04B3264) that resulted in a fine of $161.00 but no sentence of imprisonment. Section 2255 provides no basis for challenging state criminal proceedings. *See* 28 U.S.C. § 2255(a). To proceed under § 2255, Movant must be in custody under a sentence imposed by a federal court. Because she is not in federal custody and does not complain about any federal criminal proceedings, this action is subject to summary dismissal.[1]

### III. EVIDENTIARY HEARING

Upon review of the motion to vacate and the files and records of this case, an evidentiary hearing appears unnecessary. No evidentiary hearing is required, when "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255. In this instance, the matters reviewed by the Court conclusively show that Movant is entitled to no relief.

### IV. RECOMMENDATION

Movant's motion to vacate, set aside, or correct sentence should be summarily **DISMISSED** pursuant to Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts.

**SIGNED** this 9th day of November, 2009.

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

---

[1] There is no basis for construing the motion as arising under 28 U.S.C. §§ 2241 or 2254 because the custodial requirement of those statutes also appears lacking. In addition, this Court has no jurisdiction to vacate a state conviction through a petition for writ of error coram nobis. To the extent such writ is available to challenge a state conviction, the petitioner must file it in the state court that entered the conviction sought to be overturned.

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

      A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

                                                     IRMA CARRILLO RAMIREZ
                                                     UNITED STATES MAGISTRATE JUDGE